The question before this Court is whether a divorced husband can sue his judgment creditor and the sheriff[1] for the homestead exemption portion of funds derived from seizing and selling under a writ of fieri facias, a tract of land which formed a part of the community property between him and his divorced wife, where she and the children,[2] but not the former husband, were living on the property at the time of the seizure and sale, and she had duly executed a waiver of the homestead exemption.
We hold that under the circumstances of this case only the former wife was entitled to the homestead exemption under the law, and she alone was the person who could waive the homestead exemption, which she did.
The statute, LSA-R.S. 20:1,[3] exempts only the “bona fide homestead.” This property was the “bona fide homestead” of Mrs. Knight, not of Mr. Knight. Under the facts presented in this case, Mrs. Knight, as the head of the family residing with her children on the property had the right and *1220 authority, pursuant to LSA-R.S. 20:1(D),[4] to waive the homestead exemption. For the reasons assigned, the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.

. Plaintiff sued the bank as seizing creditor, the sheriff as the officer effecting the seizure and sale, the sheriffs insurer and plaintiffs former wife.

. Custody of the children was granted to the wife in the divorce proceedings.

. LSA-R.S. 20:1 provides (in part)
A. The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned, and occupied by any person, is exempt from seizure and sale under any writ, mandate or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to fifteen thousand dollars in value of a homestead. It shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife but not to more than one homestead owned by the husband or wife.

. LSA-R.S. 20:1(D) states:
D. The right to sell voluntarily any property that is exempt as a homestead shall be preserved; but no sale shall destroy or impair any rights of creditors thereon. Any person entitled to a homestead may waive same, in whole or in part, by signing a written waiver thereof; provided, that if the person is married, and not separated from bed and board from the other spouse, then the waiver shall not be effective unless signed by the latter; and all such waivers shall be recorded in the mortgage records of the parish where the homestead is situated. The waiver may be either general or special, and shall have effect from the time of recording.