BROWN, Chief Judge.
 

 | ¶ This matter concerns a home owned in indivisión by appellees, Catherine Nutt Davis and Randall Ivan Davis. Catherine and Randall acquired the property as husband and wife in 1997. However, they divorced in 2000. Following the divorce, Catherine and her minor children continued to reside in the house. At Randall’s request, the house was refinanced by Chase Home Finance, Inc., in February 2006. Both Catherine and Randall waived the homestead exemption. Randall Davis agreed to pay off the house, but he did not do so.
 

 On July 10, 2006, appellant, Hospital Service District No. 1 of East Baton Rouge Parish Louisiana d/b/a Lane Memorial Hospital (hereinafter “Lane Memorial”), obtained a judgment against Randall in the amount of $246,309.71. This judgment was recorded in the Bossier Parish mortgage records. On July 16, 2007,
 
 *644
 
 Chase Home Finance filed a petition for executory process, and on October 24, 2007, the property was sold at a sheriffs sale.
 

 The house sold for $200,000, and Chase Home Finance received approximately $180,000 for the remaining principal owed on the note. After the sheriffs fees and commission, there was an approximate balance of $15,000.
 
 [1]
 

 On November 5, 2007, Catherine filed a rule to determine rank and amount of debts and for recognition of a $25,000 homestead exemption. In response, Lane Memorial filed an exception of no cause of action. After hearing arguments, the trial court denied Lane Memorial’s exception and 12held that Catherine was entitled to the homestead exemption and awarded her the balance of the sale proceeds. From this adverse ruling, Lane Memorial appeals. We affirm.
 

 Discussion
 

 Chase Home Finance recovered the balance owed on its debt because both parties waived the homestead exemption. Lane Memorial contends that because Catherine and Randall owned the property in indivi-sión, each co-owner was entitled to one-half of the exempt funds remaining after the seizure and sale of the property. Consequently, because of its judgment against Randall, Lane Memorial asserts that it was entitled to his portion.
 

 La. R.S. 20:1 provides in pertinent part:
 

 A. (1) The bona fide homestead consists of a residence occupied by the owner and the land on which the residence is located, including any building and appurtenances located thereon, and any contiguous tracts up to a total of five acres if the residence is within a municipality, or up to a total of two hundred acres of land if the residence is not located in a municipality.
 

 (2) The homestead is exempt from seizure and sale under any writ, mandate, or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to twenty-five thousand dollars in value of the homestead, ...
 

 (B) The exemption provided in Subsection A shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either the husband or wife but not to more than one homestead owned by the husband or the wife. The exemption shall continue to apply to a homestead otherwise eligible while owned in indivi-sión by the spouses, and occupied by either of them, when the community property regime of which the homestead is a part is dissolved by judgment which so provides, pursuant to R.S. 9:381 et seq., or Article 159 or 2375 of the Louisiana Civil Code. If either spouse becomes the sole owner and continues to occupy the | shomestead as such, the exemption as to that spouse shall be deemed to have continued uninterrupted.
 

 In the present case, Catherine and Randall owned the property at issue in indivisión. When first purchased in 1997, the property was the marital domicile; however, the parties were divorced in 2000. At Randall’s request, the house was refinanced in 2006. The intent was that Randall would pay off the debt and Catherine would own the home. At that time, Catherine and her minor children were the only occupants; Randall had moved out and remarried years earlier. Therefore, under these circumstances, only Catherine was entitled to the homestead exemption,
 
 *645
 
 and, accordingly, she alone was the person to whom the exempt proceeds belonged.
 

 In
 
 Knight v. Parish National Bank,
 
 457 So.2d 1219 (La.App. 1st Cir.1984), the court stated at page 1219 (footnotes omitted):
 

 The question before this Court is whether a divorced husband can sue his judgment creditor and the sheriff for the homestead exemption portion of funds derived from seizing and selling under a writ of fieri facias, a tract of land which formed a part of the community property between him and his divorced wife, where she and the children, but not the former husband, were living on the property at the time of the seizure and sale, and she had duly executed a waiver of the homestead exemption.
 

 We hold that under the circumstances of this case only the former wife was entitled to the homestead exemption under the law, and she alone was the person who could waive the homestead exemp- . tion, which she did.
 

 Even though
 
 Knight
 
 dealt with the waiver of a homestead exemption and the present case deals with a claimed exemption and the disbursement of the funds, the ■ principle applies equally. Accordingly, we ' find that the trial court did not err in finding that Catherine Davis was entitled . to claim [4the homestead exemption and receive all remaining funds up to and including $25,000.
 

 Conclusion
 

 For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to appellant, Hospital Service District No. 1 of East Baton Rouge Parish Louisiana d/b/a Lane Memorial Hospital.
 

 [1]
 

 . The parties disagree as to the exact balance remaining.